1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PAUL LEWIS RAMONDA,<br><br>Petitioner,<br><br>v.<br><br>BEARD, Secretary CDC,<br><br>Respondent. | Case No. CV 13-08690-DOC (DFM)<br><br>ORDER TO SHOW CAUSE |

   On or about November 14, 2013, Petitioner Paul Lewis Ramonda ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). The Petition appears to be directed to a conviction sustained by Petitioner on an unspecified date in 2005 in Los Angeles Superior Court, for which Petitioner was sentenced to an aggregate term of 26 years, 4 months in state prison. Petition at 2. Petitioner alleges the following two grounds for relief: (1) Petitioner's trial counsel was ineffective for advising Petitioner to reject a plea offer of 20 years, see Petition at 5, Attachment at 1-8; and (2) the trial court violated Petitioner's constitutional rights by sentencing Petitioner based on facts found by a judge and not a jury, in violation of Cunningham v. California, 549 U.S. 270 (2007), see Petition at

5, Attachment 9-13.

Because this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d).  See Calderon v. U.S. Dist. Ct. (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), overruled in part on other grounds by Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). 28 U.S.C. § 2244(d) provides:

(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

(A)   the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Here, it appears from the face of the Petition that the California Supreme Court denied Petitioner's Petition for Review on September 21, 2005. See

2

Petition at 3 (¶ 4.c.). Thus, for purposes of 28 U.S.C. § 2244(d)(1)(A), Petitioner's judgment of conviction "became final by conclusion of direct review or the expiration of the time for seeking such review" on or about December 20, 2005, when the 90-day period for Petitioner to petition the United States Supreme Court for a writ of certiorari expired. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999); Beeler, 128 F.3d at 1286 n.2. Thus, if measured from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review," Petitioner's last day to file his federal habeas petition was December 20, 2006. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.

From the face of the Petition, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B).  Nor does it appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(C) because neither of the claims alleged in the Petition appears to be based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review. Although Petitioner's second ground of relief relies on Cunningham, this case cannot provide a new triggering date because the Supreme Court has not found its holding to be retroactive, which is a necessary predicate to the application of § 2244(d)(1)(C). See, e.g., Hill v. Spearman, 2013 WL 2359644, at *4 (C.D. Cal. Apr. 4, 2013); see also Wright v. Dexter, 546 F.3d 1096, 1097 (9th Cir. 2008) (denying application to file second or successive petition asserting Cunningham claim under section 2244(b)(2), because Cunningham "did not announce a new rule of constitutional law") (citation omitted); Butler v. Curry, 528 F.3d 624, 633–39 (9th Cir. 2008) (holding Cunningham did not constitute

3

a new rule).[1]

Finally, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(D) since it appears that petitioner was aware of the <u>factual</u> predicate of both of his claims as of the date he was convicted and sentenced.[2] <u>See</u> <u>Hasan v. Galaza</u>, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

Thus, unless a basis for tolling the statute existed, Petitioner's last day to file his federal habeas petition was December 20, 2006. <u>See Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001).  No basis for statutory tolling under § 2244(d)(2) appears to exist here.  The only state collateral challenges filed by Petitioner subsequent to the date his judgment of conviction became final are habeas petitions that Petitioner filed in turn in Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court. <u>See</u> Petition at 3-5. Petitioner would not be entitled to any statutory tolling for any of those state habeas petitions because according to the Petition, the first of them was not filed until March 4, 2013, which was more than <u>six years</u> after Petitioner's federal filing deadline already had lapsed. <u>See, e.g.</u>, <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely

---

[1] Moreover, even if <u>Cunningham</u> did provide a new accrual date, it also would have expired long ago.

[2] Specifically, Petitioner must have been aware as of his 2005 sentencing that his trial counsel had told him to reject a plea offer of 20 years. Likewise, Petitioner was aware of the factual predicate of his sentencing error claim at the time of sentencing.

4

filed); <u>Jiminez v. Rice</u>, 276 F.3d 478, 482 (9th Cir. 2001); <u>Wixom v. Washington</u>, 264 F.3d 894, 898-99 (9th Cir. 2001).

The Supreme Court has held that the AEDPA's one-year limitation period also is subject to equitable tolling in appropriate cases. <u>See</u> <u>Holland v. Florida</u>, 560 U.S. 605, 130 S. Ct. 2548, 2560 (2010). However, a habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently; and (2) that "some extraordinary circumstance stood in his way." <u>See</u> <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005); <u>see also</u> <u>Holland</u>, 130 S. Ct. at 2562. Here, Petitioner has not purported to make any such showing in the Petition.

The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue <u>sua</u> <u>sponte</u> when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." <u>See</u> <u>Nardi v. Stewart</u>, 354 F.3d 1134, 1141 (9th Cir. 2004); <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that, on or before January 10, 2014, Petitioner show cause in writing, if any he has, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness.

Dated:  December 3, 2013

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

5